UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL LABOR
RELATIONS BOARD,

    Petitioner,                       Civil Action No. 15-51373
                                       Honorable Denise Page Hood
v.                                 Magistrate Judge Elizabeth A. Stafford

ANTON BROWN,

    Respondent.
_____/

**REPORT AND RECOMMENDATION TO GRANT APPLICATION
FOR AN ORDER ENFORCING SUBPOENA AD TESTIFICANDUM [R. 1]**

**I.    INTRODUCTION**

This is an action for the enforcement of a subpoena ad testificandum issued by the National Labor Relations Board (the "Board") and served on respondent Anton Brown. The Board initiated this suit by filing an Application for an Order Enforcing Subpoena Ad Testificandum (the "Application") after Brown failed to appear and testify regarding an unfair labor practices investigation. [R. 1]. The Honorable Denise Page Hood referred this matter to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). [R. 3]. For the following reasons, the

Court **RECOMMENDS GRANTING** the Board's Application [R. 1].[1]

## II.   BACKGROUND

This action arises from an unfair labor practices investigation based on a charge filed by Sharise Talley against Detroit Manufacturing Systems, LLC ("DMS"), alleging that DMS violated the National Labor Relations Act, 29 U.S.C. §151 *et seq.*, by terminating her in retaliation for filing a grievance.  [*Id.*, PgID 1-2].  After Brown, an employee of DMS, failed to cooperate with the investigation voluntarily, the Board issued and served the underlying subpoena directing him to appear before a Board agent on September 8, 2015 to give signed sworn affidavit testimony regarding the investigation.  [*Id.*, PgID 2; R. 1-5].  Brown failed to comply with the subpoena or respond to it in any way.

On September 30, 2015, the Board initiated this enforcement action, and the Court ordered Brown to file a response to the Application by October 19, 2015.  [R. 1; R. 4].  That date has passed, and Brown has yet to respond.  Notably, the Court's Order requiring Brown to respond was not returned as undeliverable.

---

[1] The Court is proceeding by Report and Recommendation because resolution of the Board's Application is a dispositive matter.  See *E.E.O.C. v. St. John Hosp. & Med. Ctr.*, No. 12-50225, 2012 WL 3887626, at *1 n.1 (E.D. Mich. June 1, 2012).

### III. DISCUSSION

Pursuant to 29 U.S.C. § 161(1), the Board has broad investigatory authority, including the power to subpoena any evidence "that relates to any matter under investigation or in question." *N.L.R.B. v. North Bay Plumbing*, 102 F.3d 1005, 1008 (9th Cir. 1996) (noting that the Board has "broad investigatory powers"); *see also N.L.R.B. v. Carolina Food Processors, Inc.*, 81 F.3d 507, 511 (4th Cir. 1996). "The Board may issue subpoenas requiring both the production of evidence and testimony during the investigatory stages of an unfair labor practice proceeding." *Id.* If a person refuses to comply with a subpoena issued by the Board, this Court has "jurisdiction to issue to such person an order requiring such person to appear before the Board … to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof." 29 U.S.C. § 161(2).

Determining whether or not to issue an order enforcing the Board's subpoena is left to the district court's discretion. *N.L.R.B. v. Detroit Newspapers,* 185 F.3d 602, 605 (6th Cir. 1999). However, the Court's review is very narrow, and it should enforce the Board's subpoena "if the subpoena is for a proper purpose, the information sought is relevant to that purpose, and statutory procedures are observed." *N.L.R.B. v. Frazier*, 966

F.2d 812, 815 (3d Cir. 1992). Relevance is broadly interpreted, and the Board's "appraisal of relevancy must be accepted so long as it is not obviously wrong." *F.T.C. v. Invention Submission Corp.*, 965 F.2d 1086, 1089 (D.C. Cir. 1992) (citations and internal quotation marks omitted).

Here, the Board issued a subpoena to Brown to appear and testify regarding an unfair labor practices investigation related to DMS, his employer. The Board followed the procedural requirements in issuing the subpoena, the subpoena is for a proper purpose, and the information sought by the subpoena is relevant to that purpose. Further, despite being given an opportunity to do so, Brown failed to appear and challenge the subpoena. Thus, the Court finds that the subpoena should be enforced.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Board's Application [R. 1] be **GRANTED** and that an Order be entered enforcing the subpoena ad testificandum.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 2, 2015

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

5

**length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 2, 2015.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager